1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MATTHEW SCHOOLFIELD, on behalf of
himself and all others similarly situated,

Plaintiff,

vs.

WYZE LABS, INC.,

Defendant.

NO.

**CLASS ACTION COMPLAINT FOR
DAMAGES, EQUITABLE,
DECLARATORY AND INJUNCTIVE
RELIEF**

DEMAND FOR JURY TRIAL

Plaintiff Matthew Schoolfield ("Plaintiff"), individually, by and through his undersigned counsel, brings this class action lawsuit against Wyze Labs, Inc. ("Defendant," or "Wyze"), on behalf of himself and all others similarly situated, and alleges, based upon information and belief and the investigation of his counsel as follows:

CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE
RELIEF - 1

# I.    INTRODUCTION

*"We've Always Taken Security Very Seriously, And We're Devastated That We Let Our Users Down Like This"* [1]

1.      Wyze is a security and safety company that manufactures, markets and sells an array of home security cameras and accessories at prices significantly below competitive products such as those offered by Ring or Nest.

2.      Wyze cameras are Wi-Fi enabled and controlled through an application on a user's smart device. In order to use Wyze products, customers must provide, and allow Wyze to collect their personally identifiable information ("PII").[2] Wyze subsequently assures users that it employs commercially reasonable security measures to prevent the loss, misuse or alteration of this information.

3.      Despite this promise, however, and a correlative legal obligation to protect such information from misuse, Wyze exposed the sensitive PII of 2.4 million customers over a 23-day period, allowing an untold number of miscreants access to its customers' valuable and private PII ("Data Breach").

4.      According to Twelve Security, the cyber security company that discovered the Data Breach, the exposed information resided on a cloud-based database owned by Wyze and included PII such as: usernames, email addresses, camera nicknames, device models, firmware information, Wi-Fi SSID details, API tokens for iOS and Android, and Alexa tokens. The database also included a huge array of health information including height, weight, bone density, and daily protein intake of Wyze users.

---

[1] *See* The Verge, December 30, 2019, *available at* https://www.theverge.com/2019/12/30/21042974/wyze-server-breach-cybersecurity-smart-home-security-camera (last visited February 5, 2020).

[2] PII generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information 2 CFR § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on their face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.      Not only does the exposed data make Wyze customers more susceptible to identity theft and financial fraud in the future, it is now possible for any individual anywhere in the world to access the live video feeds of every single Wyze camera that was online.

6.      Plaintiff, on behalf of all others similarly situated, alleges claims for negligence, invasion of privacy, breach of implied contract, breach of implied warranty and unjust enrichment. In addition, Plaintiff seeks damages, injunctive and declaratory relief.

## II.      PARTIES

7.      Plaintiff Matthew Schoolfield is a resident of Tarrant County, Texas. He purchased a Wyze camera for his house in December 2018 for approximately $34.99. Once Mr. Schoolfield was notified of the breach, he immediately changed his password. As a result of the Data Breach, Mr. Schoolfield remains concerned about the safety and security of his family, the integrity of his PII that he provided to, and was collected by, Wyze, and the fact that his camera may now be accessible to unauthorized users. Mr. Schoolfield continues to spend time addressing these safety concerns—time he would not otherwise have to spend but for the Data Breach.

8.      Defendant Wyze Labs, Inc. makes budget smart home-security cameras and accessories including the Wyze Cam, Cam Pan, Lock, Sense and Bulb. It is a Delaware corporation with its principal place of business at 4030 Lake Washington Blvd., Suite 200, Kirkland, Washington, 98033.

## III.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are millions of putative class members, many of whom have different citizenship from Defendant.

CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE
RELIEF - 3

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10.     This Court has jurisdiction over the Defendant which operates in this District. Through its business operations in this District, Defendant intentionally avails itself of the markets within this District to render the exercise of jurisdiction by this Court just and proper.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the events and omissions giving rise to this action occurred in this District and Wyze is headquartered in this District.

## IV.    STATEMENT OF FACTS

### A.    Wyze Products and Wi-Fi Connectivity

12.     Wyze sells a series of smart home products, including the Wyze Cam wireless smart home camera, Wyze Cam Pan wireless smart home camera, and Wyze Sense smart sensor (collectively "Wyze Products"). They are connected to the internet and allow users to view information captured by the Wyze Products. For example, Wyze Cam and Wyze Pan cameras can record 12-second alert videos, display a live video/audio stream, and enable two-way audio between users and the camera.



13.     Wyze Products communicate with users through the Wyze application ("App") and its software platform. To use a Wyze Product, users must: (a) download the Wyze App and install it on a smart phone, tablet, or other compatible device; (b) register for an account by providing an email/user name and password; (c) provide personally identifiable information and consent to its collection and proper use by Wyze; (d) associate Wyze Products to the App and user account; (e) provide Wi-Fi network information to connect Wyze Products to the

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Internet; and (f) adjust settings for each connected Wyze Product to enable desired functionality.

14.      In addition to PII provided directly from the user as a precondition for using Wyze Products, Wyze collects a wide array of additional confidential PII including: (a) information that identifies, relates to, describes, is reasonably capable of being associated with or reasonably can be used to identify an individual or household and other data that is linked to personal data, and includes App Account and App Login information; (b) setup information and settings; (c) information generated by Wyze Products that is sent to the Wyze Cloud, such as videos from a Wyze camera, status notifications from a Wyze Sense, and device location information; (d) technical information about each enabled Wyze Product, such as its device model, serial number, MAC address, firmware version, the SSID of user wireless network, device name, device connectivity status, and IP address ("Device Technical Information"); and (e) records, data and statistics generated by use of the Wyze Product and App collected by Wyze Labs ("Usage Data"), such as the instances that the Wyze Cloud authenticated a user's App or Wyze Product, and the times a user contacted customer support.[3]

15.      Wyze specifically limits how such sensitive information will be utilized and assures users of its Products, website, and App that their PII will remain secure and used only for intended purposes by Wyze and selected affiliates. Wyze further claims to "employ[] security measures to prevent the loss, misuse or alteration of information collected...."[4]

16.      Despite these promises, the sensitive personally identifiable information of Wyze's 2.4 million customers was publicly exposed for more than 3 weeks in December 2019.[5]

---

[3] *See* https://wyze.com/privacy-statement-wyze-products#a2 (last visited February 5, 2020).

[4] *See* https://wyze.com/privacy-statement-wyze-site-2019-05-08; https://wyze.com/privacy-statement-wyze-products (last visited February 5, 2020).

[5] *See* Twelve Security, December 26, 2019, *available at* https://blog.12security.com/wyze-essay-2-aresflare/ (last visited February 5, 2020).

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 5

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.      The Wyze Data Breach**

17.      On December 26, 2019, the cybersecurity firm Twelve Security revealed on its blog that the personal data of 2.4 million Wyze users had been publicly exposed from December 4, through December 27, 2019.[6] "Personally, in my ten years of sysadmin and cloud engineering . . . I never encountered a breach of this magnitude…. In this case, both the company's production databases were left entirely open to the internet. A significant amount of sensitive information generated by 2.4 million users, all coincidentally outside of China, was the result." *Id.*

18.      The exposed information included:

a.  Username and email of those who purchased cameras and then connected them to their home;

b.  Email of anyone with whom a user ever shared camera access, such as a family member;

c.  Lists of all cameras in the home, the nicknames for each camera, device model and firmware;

d.  Wi-Fi SSID, internal subnet layout, last on time for cameras, last login time from app, last logout time from the app;[7]

e.  API Tokens for access to the user account from any iOS or Android device;

f.  Alexa Tokens for 24,000 users who have connected Alexa devices to their Wyze camera;

g.  Height, Weight, Gender, Bone Density, Bone Mass, Daily Protein Intake, and other health information for a subset of users.

---

[6] *See* Twelve Security, December 26, 2019, *available at* https://blog.12security.com/wyze/ (last visited February 5, 2020).

[7] SSID is short for service set identifier, the name for a Wi-Fi network.

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19.     Importantly, the tokens (*i.e.*, API Tokens and Alexa Tokens) exposed in the Data Breach allow, depending on the permissions levels, malicious actors to access potentially a user's entire account and all of the information inside that account, expanding the exposure.

20.     The Twelve Security Blog concluded, "[g]iven this, they owe us an explanation. The database is currently live and open. Anyone can access it." *Id.*

21.     "Just *one* of those bullet points would be enough for concern, but the volume of compromised user data is staggering—if true. If you use any of Wyze's products, you need to change your password and update your security options immediately so that no one can break into your account using leaked info. (You might also want to manually log out of your account and log back in, and make sure you disable and reenable any connected services, if applicable)."[8]

22.     With the exposed data, "it is [now] possible for any individual anywhere in the world to access the live video feeds of every single Wyze camera that was online."[9]

23.     Not only has the privacy of Wyze Product users been unacceptably compromised and their PII exposed, the ongoing possibility of their data being used to further compromise their Wyze camera, renders those products useless for their intended purposes.

**C.    Wyze's Response**

24.     On December 31, 2019, Wyze issued the following response to its users:

Wyze Users,

There is nothing we value higher than trust from our users. In fact, our entire business model is dependent on building long-term trust with customers that keep coming back.

We are reaching out to you because we've made a mistake in violation of that trust. On December 26th, we discovered

---

[8] *See* https://lifehacker.com/how-to-protect-your-wyze-account-after-the-recent-data-1840727973 (last visited February 5, 2020).

[9] *See* https://blog.12security.com/wyze-essay-2-aresflare/ (last visited February 5, 2020).

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 7

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

information in some of our non-production databases was mistakenly made public between December 4th - December 26th. During this time, the databases were accessed by an unauthorized party.

The information did not contain passwords, personal financial data, or video content.

The information did contain Wyze nicknames, user emails, profile photos, Wi-Fi router names, a limited number of Alexa integration tokens, and other information detailed in the link below.

If you were a user with us before we secured this information on December 26th, we regretfully write this email as a notification that some of your information was included in these databases. If you are receiving this email and joined us after December 26th, we write this email because you use our products and deserve to know how your data is being handled.

Upon finding out about the public user data, we took immediate action to secure it by closing any databases in question, forcing all users to log in again to create new access tokens, and requiring users to reconnect Alexa, Google Assistant, and IFTTT integrations. You can read in more detail about the data leak and the actions we took at this link: https://forums.wyzecam.com/t/updated-12-30-19-data-leak-12-26-2019

As an additional security measure, we recommend that you reset your Wyze account password. Again, no passwords were compromised, but we recommend this as a standard safety measure. You may also add an additional level of security to your account by implementing two-factor authentication inside of the Wyze app. Finally, please be watchful for any phishing attempts. Especially watch any communications coming from Wyze and ensure they come from official @wyze.com and @wyzecam.com email addresses.

We are deeply sorry for this oversight. We promise to learn from this mistake and will make improvements going forward. This will include enhancing our security processes, improving communication of security guidelines to all Wyze employees, and making more of our user-requested security features our top priority in the coming months. We are also partnering with a third-party cyber security firm to audit and improve our security protocols.

CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE
RELIEF - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> As we continue our investigation into what happened, we will post future updates to the forum link above. More details will follow and we appreciate your patience during this process. Please reach out with any questions or concerns to our customer support team by going to support.wyze.com.
>
> Sincerely,
>
> Yun Zhang
>
> CEO @ Wyze[10]

25.    "We didn't properly communicate and enforce our security protocols to new employees," said Mr. Dongsheng Song, co-founder of Wyze. "We should have built controls, or a more robust tool and process to make sure security protocols are followed," he added.[11]

26.    "Our whole business model is built on trust," added Dave Crosby Wyze co-founder. "It was an accident" for which "[w]e are very, very sorry and taking it very seriously." *Id.*

**D.    Wyze Failed To Comply With FTC Requirements**

27.    The Federal Trade Commission ("FTC") has issued numerous guidelines for businesses highlighting the importance of reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.[12]

28.    In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established guidelines for fundamental data security principles and

---

[10] *See* https://forums.wyzecam.com/t/updated-01-06-20-data-leak-12-26-2019/79046 (last visited February 5, 2020).

[11] *See* https://www.nytimes.com/2019/12/30/business/wyze-security-camera-breach.html (last visited February 5, 2020).

[12] *See* Federal Trade Commission, *Start With Security*, *available at* https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf (last visited February 5, 2020).

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 9

practices for business.[13] The guidelines note businesses should protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct security problems.

29.     The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect PII, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

30.     Wyze's failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

**E.     Plaintiff and Class Members Suffered Damages**

31.     PII in all its forms has become a valuable commodity among computer hackers. Once acquired, it is quickly sold on the black market where it can often be re-traded among miscreants for years. As the FTC recognizes, with PII, identity thieves can commit an array of crimes, the ramifications of which can be long lasting and severe.

32.     There often is a time lag between when harm occurs versus when it is discovered, as well as between when PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches found that stolen data may be held for years before being used to commit identity theft.

---

[13]*See* Federal Trade Commission, *Protecting Personal Information: A Guide for Business*, *available at* https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last visited February 5, 2020).

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 10

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

33.    The PII belonging to Plaintiff and Class Members is private and sensitive in nature and was left inadequately protected by the Defendant. Defendant did not obtain Plaintiff's or Class Members' consent to disclose their PII to any other person as required by applicable law and industry standards.

34.    The Data Breach was a direct and proximate result of Defendant's failure to properly safeguard and protect Plaintiff's and Class Members' PII from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and the common law.

35.    Defendant had the resources necessary to properly secure the PII acquired from its users but neglected to do so. Had Defendant taken such steps and adopted basic security measures, it would have prevented the Data Brach and the exposure of Plaintiff's and Class Members' PII.

36.    As a direct and proximate result of Defendant's wrongful actions and inactions, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing increased risk of harm from malicious third parties who gained unauthorized access to their PII.

37.    As a direct and proximate result of Defendant's wrongful actions and inactions, Plaintiff and Class Members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and fraud, requiring them to take the time which they otherwise would have dedicated to other life demands such as work and family in an effort to mitigate the actual and potential impact of the Data Breach on their lives.

38.    As a result of the Defendant's failures to prevent the Data Breach, Plaintiff and Class Members have suffered, will suffer, or are at increased risk of suffering:

        a.    The compromise, publication, theft and/or unauthorized use of their PII;

        b.    Out-of-pocket costs associated with the prevention, detection, recovery and remediation from identity theft or fraud;

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 11

c. Lost opportunity costs and lost wages associated with efforts expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity theft and fraud;

d. The continued risk to their PII, which remains in the possession of Defendant and is subject to further breaches so long as Defendant fails to undertake appropriate measures to protect the PII in its possession; and

e. Current and future costs in terms of time, effort and money that will be expended to prevent, detect, contest, remediate and repair the impact of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

## V.    CLASS ACTION ALLEGATIONS

39.    Plaintiff seeks relief on behalf of himself and as representative of all others who are similarly situated. Pursuant to Fed. R. Civ. P. Rule 23(a), (b)(2), (b)(3) and (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All persons in the United States who purchased Wyze Products within the applicable statute of limitations periods (the "Class").

40.    Excluded from the Class are Wyze and any of its affiliates, parents or subsidiaries; all persons who make a timely election to be excluded from the Class; government entities; and the judges to whom this case is assigned, their immediate families, and court staff.

41.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

42.    The proposed Class meets the criteria for certification under Rule 23(a), (b)(2), (b)(3) and (c)(4).

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 12

43.     **Numerosity. Fed. R. Civ. P. 23(a)(1).**  Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. The Data Breach exposed the PII of 2.4 million Wyze customers. Wyze has physical and/or email addresses for Class Members who therefore may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

44.     **Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3).** Consistent with Rule 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class Members. The common questions include:

     a.   Whether Wyze's security measures and protocols to protect customer PII were reasonable;

     b.   Whether Wyze was negligent in failing to implement reasonable and adequate security procedures and practices;

     c.   Whether Wyze's failure to implement adequate security measures resulted in the unlawful exposure of customer PII;

     d.   Whether Plaintiff and Class Members were injured and suffered damages or other losses because of Wyze's failure to reasonably secure and protect their PII; and

     e.   Whether Plaintiff and Class Members are entitled to relief.

45.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Consistent with Rule 23(a)(3), Plaintiff's claims are typical of those of other Class Members. Plaintiff is a purchaser of a Wyze Product, registered with Wyze through its App, and in so doing provided Wyze his PII. Plaintiff's damages and injuries are akin to other Class Members, and Plaintiff seeks relief consistent with the relief sought by the Class.

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 13

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

46.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Consistent with Rule 23(a)(4), Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class he seeks to represent; is committed to pursuing this matter against Wyze to obtain relief for the Class; and has no conflicts of interest with the Class. Moreover, Plaintiff's Counsel are competent and experienced in litigating class actions, including privacy litigation of this kind. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class's interests.

47.     **Superiority. Fed. R. Civ. P. 23(b)(3).** Consistent with Rule 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to an individual plaintiff may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class are relatively small compared to the burden and expense required to individually litigate their claims against Wyze, and thus, individual litigation to redress Wyze's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

48.     **Injunctive and Declaratory Relief.** Class certification is also appropriate under Rule 23(b)(2). Defendant, through its uniform conduct, acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

49.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 14

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

50.     Finally, all members of the proposed Classes are readily ascertainable. Wyze has access to customer names and addresses. Using this information, Class Members can be identified and ascertained for the purpose of providing notice.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

51.     Plaintiff restates and realleges the paragraphs above as if fully set forth herein.

52.     Defendant had full knowledge of the purpose for which its Products, especially its security cameras, were being used and the sensitivity of the people and things the cameras were designed to secure and protect. Defendant also knew the types of harm that Plaintiff and Class Members could and would suffer if the integrity of their PII were compromised.

53.     Defendant had a duty to exercise reasonable care in ensuring its customer PII was secure and inviolable by unauthorized parties. This duty includes, among other things, ensuring that reasonable and proper protocols and safeguards were in place to protect the integrity of customer PII entrusted to it.

54.     Plaintiff and Class Members were the foreseeable and probable victims of any inadequate security practices. Defendant knew of or should have known of the inherent risks of exposing customer PII without adequate security protocols and safeguards.

55.     Plaintiff and the Class Members had no idea their PII was not properly secured and was vulnerable to exposure and misappropriation.

56.     In contrast, Defendant was in a position to protect against the harm suffered by Plaintiff and Class Members and had a duty to do so.

57.     Defendant, through its actions, unlawfully breached its duty to Plaintiff and Class Members by failing to ensure is cyber protocols and procedures were sufficiently robust to protect customer PII from exposure and unauthorized use.

58.     But for Defendant's wrongful and negligent breach of duties owed to Plaintiff and Class Members, Plaintiff and Class Members' PII would not have been exposed.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

59.    As a result of Defendant's negligence, Plaintiff and the Class Members have suffered and will continue to suffer damages and injury including, but not limited to: the cost of replacement cameras; cost of additional surveillance and protective devices and services; time spent monitoring and addressing the current and future consequences of the exposure created by Wyze; and the necessity to engage legal counsel and incur attorneys' fees, costs and expenses.

## SECOND CAUSE OF ACTION

### NEGLIGENCE *PER SE*

60.    Plaintiff restates and realleges the paragraphs above as if fully set forth herein.

61.    Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Wyze, of failing to use reasonable measures to protect PII. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

62.    Wyze violated Section 5 of the FTC Act by failing to use reasonable measures to protect patient PII and not complying with applicable industry standards, as described in detail herein. Wyze's conduct was particularly unreasonable given the nature and amount of PII it obtained and stored, and the foreseeable consequences of a data breach including, specifically, the damages that would result to Plaintiff and Class Members.

63.    Wyze's violation of Section 5 of the FTC Act constitutes negligence *per se*.

64.    Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect.

65.    The harm that occurred as a result of the Data Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 16

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

66.     As a direct and proximate result of Wyze's negligence *per se*, Plaintiff and the Class have suffered, and continue to suffer, injuries and damages arising from the Data Breach including, but not limited to: damages from lost time and effort to mitigate the actual and potential impact of the Data Breach on their lives.

67.     Additionally, as a direct and proximate result of Wyze's negligence *per se*, Plaintiff and Class Members have suffered and will suffer the continued risks of exposure of their PII, which remains in Wyze's possession and is subject to further unauthorized disclosures so long as Wyze fails to undertake appropriate and adequate measures to protect the PII in its continued possession.

### THIRD CAUSE OF ACTION

### INVASION OF PRIVACY

68.     Plaintiff restates and realleges the paragraphs above as if fully set forth herein.

69.     Plaintiff and Class Members had a legitimate expectation of privacy with respect to their PII as well as the people, location and subject matter of what their Wyze Products were observing and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

70.     Defendant owed a duty to its customers, including Plaintiff and Class Members, to ensure that the PII it was given and which it gathered from customers remained confidential and secure.

71.     The failure to ensure the integrity of Plaintiff and Class Members' PII is highly offensive to a reasonable person.

72.     The intrusion was into a place or thing, which was private and is entitled to be private. Plaintiff and Class Members purchased and used Wyze Products with the expectation that their PII, provided to and gathered by Wyze, including but not limited to the people, places

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 17

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and information seen and heard by Wyze cameras, would remain private and would not be disclosed without authorization.

73.    The failure to ensure customer PII is properly protected constitutes intentional interference with Plaintiff and Class Members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

74.    Defendant acted with a knowing state of mind when it collected customer PII, despite knowing its security practices were inadequate.

75.    Acting with this knowledge, Defendant had notice and knew that its inadequate security practices would cause injury to Plaintiff and Class Members.

76.    As a proximate result of Defendant's acts and omissions, Plaintiff's and Class Members' privacy was violated causing Plaintiff and Class Members to suffer damages.

77.    Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause great and irreparable injury to Plaintiff and Class Members.

78.    Plaintiff and Class Members have no adequate remedy at law for the injuries in that a judgment for monetary damages will not end the invasion of privacy for Plaintiff and the Class.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED CONTRACT

79.    Plaintiff restates and realleges the paragraphs above as if fully set forth herein.

80.    Defendant sold Wyze Products to Plaintiff and Members of the Class for which it received a benefit in the form of monetary payment.

81.    Defendant has acknowledged the benefit and accepted or retained the benefit conferred.

82.    Plaintiff and Class Members were required to provide their PII to Defendant as a condition of their use of Defendant's services.

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 18

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

83.     Plaintiff and Class Members paid money to Defendant in exchange for Wyze Products and services, along with Defendant's promise to protect their PII from unauthorized disclosure.

84.     Implicit in the agreement between Plaintiff and Class Members and the Defendant to provide PII, was the latter's obligation to: (a) use such PII for business purposes only, (b) take reasonable steps to safeguard that PII, (c) prevent unauthorized disclosures of the PII, (d) provide Plaintiff and Class Members with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII, (e) reasonably safeguard and protect the PII of Plaintiff and Class Members from unauthorized disclosure or uses, and (f) retain the PII only under conditions that kept such information secure and confidential.

85.     Without such implied contracts, Plaintiff and Class Members would not have provided their PII to Defendant.

86.     Plaintiff and Class Members fully performed their obligations under the implied contract with Defendant, however, Defendant did not.

87.     Defendant breached the implied contracts with Plaintiff and Class Members by failing to acknowledge the inherent vulnerability in its cyber security systems and protocols. These circumstances are such that it would be inequitable for Defendant to retain the benefit received.

88.     As a direct and proximate result of Defendant's breach of its implied contracts with Plaintiff and Class Members, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: the cost of replacement cameras; the cost of additional surveillance and protective devices and services; and time spent monitoring, addressing the current and future consequences of the exposure enabled by Wyze.

CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE
RELIEF - 19

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT

89.    Plaintiff restates and realleges the paragraphs above as if fully set forth herein.

90.    As the intended and expected result of its conscious wrongdoing, Defendant has profited and benefited from the purchase of the Product by Plaintiff and the Class.

91.    Defendant has voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of Defendant's misconduct, Plaintiff and the Class did not receive Product of the quality, nature, fitness, or value that had been represented by Defendant, and that reasonable consumers expected.

92.    Defendant has been unjustly enriched by its fraudulent and deceptive withholding of benefits to Plaintiff and the Class at the expense of these parties.

93.    Equity and good conscience militate against permitting Defendant to retain these profits and benefits.

94.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and Class Members suffered injury and seek an order directing Defendant's disgorgement and the return to Plaintiff and the classes of the amount each improperly paid to Defendant.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests the following relief:

      a.    An Order certifying this case as a class action;

      b.    An Order appointing Plaintiff as the class representative;

      c.    An Order appointing undersigned counsel as class counsel;

      d.    A mandatory injunction directing the Defendant to hereinafter adequately safeguard the PII of the Class by implementing improved security procedures and measures;

CLASS ACTION COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF - 20

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    e.  An award of damages;

2    f.  An award of costs and expenses;

3    g.  An award of attorneys' fees; and

4    h.  Such other and further relief as this court may deem just and proper.

5    ## VII.    DEMAND FOR JURY TRIAL

6    Plaintiff demands a jury trial as to all issues triable by a jury.

7    RESPECTFULLY SUBMITTED AND DATED this 21st day of February, 2020.

8    TERRELL MARSHALL LAW GROUP PLLC

9

10   By:    /s/ Beth E. Terrell, WSBA #26759
           Beth E. Terrell, WSBA #26759
11          Email:  bterrell@terrellmarshall.com

12   By:    /s/ Adrienne D. McEntee, WSBA #34061
13          Adrienne D. McEntee, WSBA #34061
           Email: amcentee@terrellmarshall.com
14          936 North 34th Street, Suite 300
           Seattle, Washington  98103-8869
15          Telephone:  (206) 816-6603
           Facsimile:  (206) 319-5450
16

17          *Attorneys for Plaintiff and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT FOR DAMAGES,
EQUITABLE, DECLARATORY AND INJUNCTIVE
RELIEF - 21